BANKS, Justice,
concurring:
I agree with the majority that this case should be reversed because one of the trial court’s instructions impermissibly denigrated the effect of the blood test results. I write separately because, despite advances in technology, I am not quite ready to accept blood tests as proof of intercourse.
The majority finds fault with the instruction given the jury that it was required to find that the purported parents had intercourse from evidence independent of the blood test results. The trial court apparently reasoned that, even if the test results suggest a strong probability of paternity, the jury cannot accept the test results standing alone as proof of paternity. It must also be established that the parties had intercourse during the period of conception.
The majority appears to suggest that the test results should be viewed as evidence of intercourse. In other words, if it is probable that Moore is the father, then it is probable that he had intercourse with the mother. To my mind, that formulation uses an inference to support inference, a procedure which we usually eschew. Clearly, using blood test results to reason backwards in this way has the potential to overwhelm the other evidence on the question of whether intercourse occurred. If we allow blood test results to be considered evidence of intercourse, we might as well eliminate the requirement that intercourse be proven where there is a positive blood test result. My level of comfort with testing technology is not such that I can accept that at this time. But see, Department of Social Services v. William J., 191 A.D.2d 558, 594 N.Y.S.2d 810 (2d. Dept.1993)
Moreover, it is not clear from the majority opinion whether the blood test results may be considered sufficient, standing alone, to support a jury finding of intercourse and, ultimately, paternity. I believe that the least that should be required is that there be independent credible evidence that intercourse occurred during the period of conception.
*935 In a similar case, In re Paternity of 425 N.W.2d 404 (Wis.1988) the court addressed the question of whether a jury must make a separate finding by clear, satisfactory and convincing evidence that sexual intercourse took place between the mother and putative father before the jury may consider the blood test report. Answering in the affirmative, the court held that an independent finding of sexual intercourse was required before the jury could consider the statistical chance of paternity as evidence of paternity. Admittedly, this court dealt with HLA (human leucocyte antigen) testing where the probability computation is predicated on the assumption that there is a fifty percent “prior chance” that the putative parents had intercourse during the period of conception. Id. The testing here involved included both HLA and DNA (deoxyribonu-cleic acid). Nevertheless, the principle that the test results should not be used as a substitute for proof of an impregnating act is just as sound.
I would affirm the trial court as to this instruction. Failing that, I would require that the jury at a minimum have independent credible evidence of intercourse before it could find paternity.
DAN M. LEE, P.J., joins this opinion.
McRAE, J., joins in part.